UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANH HUU LAM,<br>    Plaintiff,<br>    v.<br>THE NINTH CIRCUIT COURT OF APPEALS,<br>    Defendant. | Case No. 17-cv-03667-DMR (PR)<br><br>**ORDER OF TRANSFER** |

Plaintiff, a federal prisoner currently incarcerated at the United States Penitentiary at Leavenworth, Kansas, filed a *pro se* action entitled, "Civil Right[s] Complaint for Equitable Relief Under Article III, Section 2 of the Constitution of the United States." Dkt. 1. He also filed an application for *in forma pauperis* status, and a motion for appointment of counsel. Dkts. 2, 5.

Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge. Dkts. 3, 4.

In this action, Plaintiff seems to be challenging the validity of his conviction in the United States District Court for the Eastern District of California. *See* Case No. 2:97-cr-0054 WBS KJN. Plaintiff appealed his conviction to the Ninth Circuit Court of Appeals, but his conviction was affirmed. *See* Dkt. 1 at 2-4. Plaintiff seems to be challenging the Ninth Circuit's decision to affirm his conviction, stating as follows:

> Lam seeks to vindicate his own constitutional interests and legal rights. Lam asserts that there were manifest errors of facts and law which the Ninth Circuit's opinion was based on. Lam wishes to have the right to his day in court, and straighten out the record in his case so his family, friends, and other Americans as well, would know the whole truth.

*Id.* at 2. Plaintiff also indicates that the current action was filed subsequent to an earlier motion

under 28 U.S.C. § 2255 attacking his conviction and sentence. *Id.* at 4.

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. *See* 28 U.S.C. § 2244(b); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). The sole basis upon which a federal prisoner authorized to seek relief under section 2255 may do so under section 2241 is if he or she can show that the remedy available under section 2255 is "'inadequate or ineffective to test the validity of his detention.'" *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255). The Ninth Circuit has recognized that it is a very narrow exception. *See id.* The remedy under section 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of section 2255 merely because the court of appeals refuses to certify a second or successive motion under section 2255. *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999).

Here, even if the court construes Plaintiff's action as a challenge to his sentence and conviction under 28 U.S.C. § 2241, he has failed to bring himself within the exception to section 2255's bar on using other forms of relief to challenge a federal conviction or sentence. Therefore, this court has no jurisdiction to decide the petition. *See Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000).

As mentioned above, because Plaintiff, who again is a *federal* prisoner, wishes to attack collaterally the validity of his conviction or sentence, then he must do so by way of a motion to vacate, set aside or correct the sentence pursuant to section 2255 *in the court which imposed the sentence. See Tripati*, 843 F.2d at 1162 (challenge to legality of conviction must be brought in sentencing court via section 2255 motion); *see also United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) (where challenge is to alleged errors at or prior to sentencing remedy is section 2255 motion, not section 2241 writ). Only the sentencing court has jurisdiction. *See Tripati*, 843 F.2d at 1163. Because Plaintiff is challenging the validity of a conviction and sentence entered by the United States District Court for the Eastern District of California, the petition properly belongs before that court for consideration.

Accordingly, in the interest of justice and good cause appearing, this court hereby orders this petition TRANSFERRED to the United States District Court for the Eastern District of California, the district of conviction. *See* 28 U.S.C. § 1631. The Clerk of the Court shall transfer the case forthwith. All pending motions are TERMINATED on this court's docket as no longer pending in this district. Dkts. 2, 5.

IT IS SO ORDERED.

Dated: January 17, 2018

DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANH HUU LAM,<br><br>    Plaintiff,<br><br>v.<br><br>NINTH CIRCUIT COURT OF APPEALS,<br><br>    Defendant. | Case No. 4:17-cv-03667-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 17, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tanh Huu Lam ID: Reg. # 91925-01
P.O. Box 1000
Leavenworth, KS 66048

Dated: January 17, 2018

                                              Susan Y. Soong
                                              Clerk, United States District Court

                                              By:_____
                                              Ivy Lerma Garcia, Deputy Clerk to the
                                              Honorable DONNA M. RYU